**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **WILLIAM BORG** § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 5:24-cv-01373 |
| § | |
| **CANDLEWOOD SUITES SAN ANTONIO** § | |
| **AIRPORT, IHG HOTEL AND** § | |
| **RESORTS, SHRI KUBER INC.,** § | |
| **RAJENDRA KHATRI** § | |
| Defendants | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **WILLIAM BORG**, referred to as "Plaintiff," bringing this cause of action under the Fair Labor Standards Act 29 U.S.C. § 203 et. seq. as Amended against Defendants Candlewood Suites San Antonio Airport, Shri Kuber Inc, dba Candlewood Suites Airport, and Rajendra Khatri, hereinafter referred to as "Defendants." For cause of action, Plaintiffs respectfully shows unto the Court the following:

## I.
## PARTIES

1. Plaintiff WILLIAM BORG is a resident of Bexar County, Texas.

2. Defendant Candlewood Suites San Antonio Airport is an entity doing business in Bexar County, Texas. A request for waiver is being sent to Defendant prior to requesting service at the following address: 418 Portland Road, San Antonio, Texas 78216.

3. Defendant IHG Hotel and Resorts is an entity doing business in Bexar County, Texas. A request for waiver is being sent to Defendant prior to requesting service.

4. Defendant Shri Kuber Inc, does business as Candlewood Suites Airport and is an "employer" as set out under the definitions in the statue. Rajendra Khatri is the Registered Agent for Shri Kuber Inc, dba Candlewood Suites San Antonio Airport A request for waiver is being sent to Defendant prior to requesting service at the following address: 418 Portland Road, San Antonio, Texas 78216.

5. Defendant Rajendra Khatri is an individual who employed Plaintiff and constitutes an "employer" under the statute. A request for waiver is being sent to Defendant prior to requesting service at the following address: 418 Portland Road, San Antonio, Texas 78216.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law, the Fair Labor Standards Act, 29 U.S.C. § 203 et. seq. as Amended.

7. Venue is proper in the Western District of Texas, San Antonio Division because the events forming the basis of the suit occurred within the Western District of Texas San Antonio Division.

## III.
## MISNOMER/MISIDENTIFICATION

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

2

## IV.
## RESPONDEAT SUPERIOR

9. Employees involved in this cause of action were, at all times described herein, employees of Defendants and were at all times acting in the course and scope of that employment. Accordingly, Defendants are liable for such conduct under the doctrine of *Respondeat Superior*.

## V.
## FACTUAL BACKGROUND

10. Plaintiff asserts claim of unpaid overtime for hours worked over forty (40) per week pursuant to the Fair Labor Standards Act (FLSA).

11. Plaintiff contends that IHG Hotel and Resorts contracted with Rajendra Khatri aka Shri Kuber, Inc. to operate the business known as Candlewood Suites San Antonio; that IHG Hotel and Resort provided the operating policies; that IHG Hotel and Resort maintained management employee(s) at Candlewood Suites San Antonio.

12. IHG Hotel and Resorts required Plaintiff to attend maintenance related training at its office and issued Plaintiff a Certificate related to Maintenance Training in order to work at Candlewood Suites San Antonio.

13. Plaintiff is an employee that worked in a non-exempt position, who performed general maintenance tasks and was paid hourly. These tasks included plumbing repairs, woodwork, fence repairs, and general apartment maintenance. Plaintiff would show that Shri Kuber, Inc. / Candlewood Suites / IHG Hotels & Resorts did not properly pay Plaintiff overtime wages as required by the Fair Labor Standards Act. Plaintiff was paid "straight-time," of $12 per hour for all hours worked and Plaintiff was not paid

the extra overtime rate of $6 per hour for each hour Plaintiff worked over 40 hours per week, which is a violation of the FLSA and federal law.

14. Plaintiff is entitled to a 3 year limitations period for unpaid overtime. Plaintiff contends that Shri Kuber, Inc., Candlewood Suites, IHG Hotels & Resorts and/or Rajendra Khatri were all employers of Plaintiff under the law; and that they had a system to record Plaintiff's hours worked in such a way as to hide overtime hours and to willfully avoid paying Plaintiff the lawfully required overtime wages.

15. Plaintiff's pay documents will show that Plaintiff was working in excess of 40 hours a week but was being paid a flat rate per hour, regardless of the number of hours he worked.

16. Rajendra Khatri was Plaintiff's employer. Mr. Khatri developed a plan to deny paying Plaintiff overtime hours for working for Mr. Khatri. Mr. Khatri would assign Plaintiff maintenance duties over 40 hours per week; then Mr. Khatri would divide Plaintiff's records of hours worked between the two entities that Mr. Khatri managed / owned / operated, Candlewood Suites and Mr. Katri's rental business, in such a way that Plaintiff's records would not show working over 40 hours per week for either entity.

17. Plaintiff requested to be paid overtime for hours worked over 40 hours per week. Defendants refused to pay Plaintiff overtime. Plaintiff was constructively terminated on or about October 1, 2024, when he was forced to quit because Defendant(s) would not pay Plaintiff overtime wages for hours worked over 40 hours per week.

18. Plaintiff worked for Candlewood Suites / Rajendra Khatri for over seven (7) years at the time of Plaintiff's constructive termination.

19. Plaintiff was paid $12.00 per hour for all hours Plaintiff worked, regardless of the number of hours Plaintiff worked. Plaintiff's pay documents will show that Plaintiff was working in excess of 40 hours per week but was being paid a flat rate per hour of $12 per hour.

20. Plaintiff's overtime rate should have been $18 per hour for all hours worked over 40 per week.

21. Using a 3-year limitations period from July 3, 2021, to May 11, 2024, Plaintiff was paid $12.00 per hour for all hours Plaintiff worked, but Plaintiff was not paid at the overtime rate of $18 per hour for worked hours when Plaintiff worked over 40 hours per week.

22. Plaintiff's pay records indicate that from July 3, 2021, to May 11, 2024, Plaintiff worked a total of 4,564.56 hours of overtime. Plaintiff was paid at a rate of $12.00 per hour for those hours. Plaintiff should have been time-and-a-half or $18.00 per hour for those hours that he worked in excess of 40 hours per week. This is a total unpaid overtime amount of $6.00 per overtime hour totaling $27,387.36 for this time period. As a result, Plaintiff is owed at least $27,387.36 in unpaid overtime for that particular time period of July 3, 2021, to May 11, 2024.

23. In addition to the unpaid overtime of $27,387.36, Plaintiff is entitled to an equal amount as liquidated damages under the FLSA. Plaintiff is therefore entitled to $27,387.36 in actual unpaid overtime plus an additional amount of $27,387.36 in liquidated damages, which totals $54,774.72.

24. Plaintiff is entitled to "mandatory" attorneys' fees under the FLSA statute.

25. The Defendants' failure to pay overtime pay violates the Fair Labor Standards Act (FLSA). Therefore, Plaintiff is entitled to recover pay for each hour worked in excess of 40 hours during any one work week at the rate of one-and-one-half times his hourly rate. Further, Plaintiff would show that the FLSA violations were willful. Therefore, Plaintiff is entitled to the three years of accrued, unpaid overtime pay.

### **FLSA Individual Liability**:

26. Plaintiff would show that the entities / individual named above are considered an "employer" of Plaintiff under the FLSA. FLSA protections apply to employees who are either (1) "engaged in commerce or the production of goods for commerce" (individual coverage). (29 USC Sec. 207(a)(1)).

27. As an employer, each named entity and individual has a separate and independent obligation to retain all Plaintiff's employee files and other employment-related records. Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In determining a party's status as an employer under the FLSA, courts rely on the economic reality test. *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014). Under the economic reality test, courts evaluate "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." (*Gray v. Powers*, 673 F.3d 352,

355 (5th Cir. 2012)). However, a party need not establish each element in every case. Id.

28. A "dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." (*Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012).

**FLSA Enterprise Liability**:

29. Plaintiff contends the entity, entities and individual named above operate as a joint enterprise under the FLSA with respect to Plaintiff's employment.

30. To constitute a joint enterprise for purposes of coverage under the FLSA, the individuals or entities in question must: (1) perform related activities (2) through unified operation or common control (3) for a common business purpose. 29 U.S.C. § 203(r)(1); Donovan v. Grim Hotel Co., 747 F.2d 966, 969 (5th Cir. 1984). Activities are 'related' when they are the same or similar, such as those of the individual retail or service stores in a chain . . . ." 29 C.F.R. § 779.206(a). In Villarreal v. El Chile, Inc., the court held there was "no question that the corporate defendants were engaged in related activities" where they were "engaged in the restaurant services business serving food to the public using the same menu, operating in the same or similar manner and advertising collectively under the same name." The named parties in this case operate the Candlewood Suites Airport as an IHG Hotels and Resorts franchisee (part of IHG

Hotels and Resorts hotel chain) using the same operating policies and manuals, and servicing the public.

### **FLSA Common Employer Liability**:

31. Under the FLSA, an "employer" can be defined as two or more employers, *Donovan v. Sabine Irrigation Co*., 695 F.2d 190, 194 (5th Cir. 1983), "If the facts establish that the employee is employed jointly by two or more employers . . . all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the [FLSA]." 29 C.F.R. § 791.2(a). A person is jointly employed by two or more employers if the employment by one employer "is not completely disassociated from employment by the other employer." Id. Plaintiff asserts that he was jointly employed by the two or more employers, then Plaintiff's hours worked for all employers are aggregated for the purposes of determining whether Plaintiff has FLSA claims against each defendant.

### **FLSA Joint Employer Liability:**

32. The FLSA's definition of "employer" contemplates the possibility of multiple employers. Under DOL regulations, a joint employment relationship exists when there is an arrangement between employers to share an employee's services; one employer is acting directly or indirectly in the interest of the other employer or employers in relation to the employee; the employers are associated with one another, directly or indirectly, with respect to the employment of the employee because one employer controls, is

controlled by, or is under common control with the other employer. *Itzep v. Target Corp.*, 543 F. Supp. 2d 646, 652 (W.D. Tex. 2008) (citing 29 C.F.R. § 791.2(b)).

### Time Period to Calculate Unpaid Overtime:

33. The Statute of Limitations for an employer's FLSA violation is two years unless the violation was "willful," which has a three-year limitations period. 29 U.S.C. § 255. "[W]illful" means "that the employer knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 119, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985).

34. Plaintiff would show that he (Plaintiff) is entitled to a 3 year Limitations period by establishing a willful violation.

### Business Entities

35. Records filed with the Texas Secretary of State establish:

<u>Shri Kuber, Inc.</u>
<u>(formally Shri Kuber Inc.LLC)</u>

<u>Shri Kuber, Inc.</u> is a franchise owner of and operates as Candlewood Suites Airport in San Antonio, Texas;

<u>Rajendra Khatri</u> is the President of Shri Kuber, Inc. and a governing person;

<u>Meena Khatri</u> is the Vice-President of Shri Kuber, Inc. and a governing person;

<u>Rajendra Khatri</u> is the registered agent with address of 418 Portland Road, San Antonio, Tx. 78216

Candlewood Suites San Antonio

Candlewood Suites San Antonio is an IHG Hotel and Resort Franchisee and is located

at 418 Portland Road, San Antonio, Tx. 78216; Candlewood Suites San Antonio is the common name of the business.

Shri Kuber, Inc. operates under the assumed name of Candlewood Suites which was registered on May 1, 2020, to May 1, 2030. Rajendra Khatri is the President of Shri Kuber, Inc., a governing person and its Registered Agent; Meena Khatri is the Vice-President of Shri Kuber, Inc. and a governing person.

Rajendra Khatri was the manager of Candlewood Suites San Antonio during the events in this lawsuit.

Rajendra Khatri's Rental Property Business

Plaintiff would show that Rajendra Khatri owned rental properties, including rental homes and the Plaza Apartments in San Antonio.

## VI.
## CAUSES OF ACTION

**Failure to Pay Wages in Accordance with the Fair Labor Standards Act**

36. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one-and-one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

37. Defendants' failure to pay overtime and/or forcing Plaintiff to work any off the clock hours violated the Fair Labor Standards Act of 1938 as currently amended and codified at 29 U.S.C. §201 *et seq*. (FLSA). Therefore, Plaintiff is entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times their hourly rate.

38. Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to accrued, unpaid overtime pay. Plaintiff is further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendant(s)' failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to recover mandatory attorneys' fees under the statute.

## Retaliation Under the FLSA

39. The Fair Labor Standards Act ("FLSA") prohibits retaliation against employees who take action to oppose violations of the FLSA. 29 U.S.C. 215(a)(3). Even internal complaints to management within the corporate employer can be protected activities. Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617, 625-626 (5th Cir. 2008).

40. "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. 216(b).

41. Defendant(s) continued to refuse to pay Plaintiff overtime wages after Plaintiff requested them and after Plaintiff informed them that Plaintiff needed the overtime wages in order pay his living expense, which resulted in Plaintiff's constructive termination or about November 1, 2024.

## COVERAGE

42. At all material times, Defendants have acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

43. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

44. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

45. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

46. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VIII.
## SINGLE ENTERPRISE

47. Plaintiff alleges that at all times relevant to this suit Defendants operated as a single enterprise. Defendants had integrated operations, centralized control of labor relations, common management, common ownership, and common financial control. The Defendants have a unity of interest and ownership such that it would be inequitable to treat the acts in question as the acts of one entity alone.

## VII.
## ATTORNEY'S FEES

48. It was necessary for Plaintiff to retain the services of the undersigned attorneys to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action as authorized under the FLSA. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

   a. Preparation and trial of the claim, in an amount the jury deems reasonable;

   b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

   c. An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable;

   d. Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and,

   e. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## VIII.

## DAMAGES

49. Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendant:

   a. Overtime pay, time and one half pay, for all hours worked while employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day;

   b. Lost wages and compensatory damages

   c. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiffs;

   d. All reasonable and necessary costs incurred in pursuit of this suit;

   e. Expert fees as the Court deems appropriate;

   f. Pre and Post judgment interest as allowed by law;

## IX.
## JURY DEMAND

50. Plaintiff further demand a trial by jury. A jury fee has been tendered.

## X.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendants for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiffs may be justly entitled.

**Respectfully Submitted,**

**/s/ Adam Poncio**_____
**Adam Poncio**
**State Bar No. 16109800**
aponcio@ponciolaw.com
**Alan Braun**
**State Bar No. 24054488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 310**
**San Antonio, Texas  78229**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**

**Chris McJunkin**
**State Bar No. 13686525**
**cmcjunkin@stx.rr.com**
**4510 Anthony St.**
**Corpus Christi, Texas 78415**
**(361) 882-5747**
**(361) 882-8926**

**ATTORNEYS FOR PLAINTIFF**